UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN PINKOSKI, SR., JOHN PINKOSKI, JR.,
MARY WOZNIAK and JEFF PINKOSKI,

          REPORT & RECOMMENDATION

        Plaintiffs,

          12-CV-6358T

      v.

COUNTY OF MONROE, et al.,

        Defendants.
_____

**PRELIMINARY STATEMENT**

      Plaintiffs John Pinkoski, Sr., John Pinkoski, Jr., Mary Wozniak and Jeff Pinkoski initiated this action on July 2, 2016, asserting constitutional violations pursuant to 42 U.S.C. § 1983 and various state law claims.  (Docket ## 1, 7).  By Order of Hon. Michael A. Telesca, United States District Judge, dated August 10, 2012, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 12).  Currently before the Court is an Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.  (Docket # 43).

      On April 21, 2016, this Court received a letter from Deputy County Attorney Adam M. Clark, counsel for the Monroe County defendants, requesting that this Court schedule a conference to address "a timeline for the [p]laintiffs to move for assignment of counsel, find counsel, agree to proceed without counsel or stipulate to discontinuance of the case" and to address the scheduling deadlines.  (Docket # 42).  Pursuant to counsel's request, the Court

scheduled a status conference for May 17, 2016, at 11:00 a.m. (*See* 04/27/2016 Notice). A copy of the notice of the conference was mailed to the plaintiffs. (*Id.*). On May 17, 2016, Deputy County Attorney Adam M. Clark appeared on behalf of the Monroe County defendants and Raul Martinez, Esq. appeared on behalf of the East Rochester defendants. Plaintiffs did not appear. (Docket # 41).

On May 20, 2016, this Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute following plaintiffs' unexcused failure to appear for the conference. (Docket # 43). The Order to Show Cause directed plaintiffs to respond by June 17, 2016. (*Id.*). As of the date of this opinion, plaintiffs have not responded to the order or otherwise communicated with the Court. The Order advised plaintiff that "[f]ailure to comply with [the] order will result in the recommendation of the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)."

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to

dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966). In addition, the Local Rules of Civil Procedure for the United States District Court for the Western District of New York provide that "[i]f a civil case has been pending for more than six months and is not in compliance with the directions of the . . . Magistrate Judge, . . . the Court may issue a written order to the parties to show cause within thirty days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute." W.D.N.Y. Local Rule 41(b).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Dismissal is considered "a harsh remedy to be utilized only in extreme situations." *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted). Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See, e.g., Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for

deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

        In the case at bar, plaintiffs have not communicated with the Court since January 4, 2016, when this Court received a letter from plaintiff Mary Wozniak, dated December 29, 2015, requesting appointment of counsel. (Docket # 38). On January 5, 2016, the Court filed Ms. Wozniak's letter and directed plaintiffs to "file a motion for appointment of counsel . . . describ[ing] plaintiffs' efforts to obtain counsel, the reasons plaintiffs believe appointment of counsel is warranted, and plaintiffs' assessment of the merits of their claims." (*Id.*). Plaintiffs did not do so, nor did they appear for the conference scheduled for May 17, 2016. Further, despite an explicit warning contained in the Order to Show Cause that failure to respond would result in a recommendation by this Court to dismiss the action, plaintiffs failed to respond to the order. On this record, I find that plaintiffs' actions demonstrate the level of prosecutive delinquency justifying dismissal.

## **CONCLUSION**

For the foregoing reasons, it is the recommendation of this Court that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

<em>s/Marian W. Payson</em><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
       July 20, 2016

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to Plaintiff and the attorney for the Defendants.

**IT IS SO ORDERED.**

                                                         *s/Marian W. Payson*
                                                     MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
       July 20, 2016